UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CAROL GAYLOR,<br>an individual,<br><br>          Plaintiff,<br>vs.<br><br>GHP HOLDINGS LLC,<br>a Georgia Limited Liability Company,<br><br>          Defendant.<br>_____ | CASE NO.: 2:24-cv-00141-RWS |

## COMPLAINT

Plaintiff, CAROL GAYLOR, through her undersigned counsel, hereby files this Complaint and sues GHP HOLDINGS LLC, a Georgia Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

1

referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3.  Plaintiff, CAROL GAYLOR, (hereinafter referred to as "MRS. GAYLOR"), is a resident of White County, Georgia.[1]

4.  Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5.  Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[2]

6.  Defendant GHP HOLDINGS LLC, a Georgia Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner

---

[1] Mrs. Gaylor splits her time between a residence in St. Johns County, Florida and White County, Georgia.
[2] Plaintiff is capable of walking short distances without assistance on good days.

2

and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, generally located at 641 S. Main St, Cleveland, GA 30528.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, White County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a Verizon cell phone store, is open to the public and provides goods and services to the public.

10. MRS. GAYLOR has visited the Property several times over the past year and attempted to utilize the goods and services offered at the Property. She last visited and shopped at the Property in early June of 2024.

11. While at the Property, MRS. GAYLOR experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers more fully discussed below.

12. MRS. GAYLOR continues to desire to visit the Property because it is conveniently located and serves her cell phone needs, but fears that she will continue to experience serious difficulty and unequal treatment due to the barriers

discussed herein, which still exist.

13.     MRS. GAYLOR plans to and will visit the Property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14.     Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendant's Property:

   A.   Plaintiff encountered an inaccessible parking space intended for disabled use due to severely faded paint markings on the ground, excessive slopes and pavement in severe disrepair. Additionally, the sole ADA parking space is located in the farthest possible section of the parking lot from the entrance and it is generally blocked by a large dumpster located in the space. These conditions made it difficult and dangerous for Plaintiff to utilize the parking lot and increased her risk of a fall while transferring into and out of a vehicle.

   B.   Plaintiff encountered inaccessible sidewalks throughout the Property due to excessive running slopes, pavement in disrepair and a failure to connect the ADA parking space to the Property

entrances along the shortest accessible route. These conditions made it difficult for Plaintiff to maneuver throughout the Property and increased her risk of a fall.

    C.    Plaintiff encountered an inaccessible curb ramp connecting the ADA parking space to the property sidewalk due to dangerous slopes well in excess of 1:12, pavement in disrepair and lack of smooth transitions. The other curb ramp near the store entrance at the Property also had excessive slopes. These conditions increased Plaintiff's risk of a fall and required that she use extra caution maneuvering over these ramps.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment GHP HOLDINGS LLC, and requests the following injunctive and declaratory relief:

    A.    That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

    B.    That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it

deems necessary, just and proper.

Dated: June 18, 2024

>Respectfully Submitted,
>
>KU & MUSSMAN, P.A.
>18501 Pines Blvd, Suite 209-A
>Pembroke Pines, FL 33029
>Tel: (305) 891-1322
>Fax: (954) 686-3976
>
>By: */s/ John A. Moore*
>    John A. Moore, Esq.
>    Georgia Bar No.: 519792
>    Of Counsel
>    The Moore Law Group, LLC
>    1745 Martin Luther King Jr., Drive
>    Atlanta, GA 30314
>    Tel.: (678) 288-5601
>    Fax: (888) 553-0071
>    Email: jmoore@moorelawllc.com
>    Attorney for Plaintiff